and plaintiff's rights as to the visitation of the baby in defendant's custody because his conduct was neither willful, nor contumacious. We agree. The law is well settled that it is an abuse of discretion to hold a party in contempt for violating an order in a divorce matter unless the refusal to obey the order is both willful and contumacious. (*Wick v. Wick*, 19 Ill. 2d 457, 167 N.E.2d 207.) The unfortunate circumstances in the instant case, where direct communication between the parties broke down so that their attorneys had to be used as conduits for messages, and the belief of the parties that the inability to visit on one weekend, perhaps because of the illness of a child, precluded the reciprocal visit the following weekend, led more to feelings of mistrust and lack of understanding than willful or contumacious conduct on plaintiff's part. For this reason, the order committing plaintiff to serve 5 days in the county jail is reversed and in view thereof, we find it unnecessary to decide the two other issues raised by plaintiff concerning the contempt order.

Accordingly, we affirm in part and reverse in part and remand the cause to the trial court for further proceedings in accordance with views and directions contained herein.

Affirmed in part, reversed in part and remanded with directions.

LORENZ and SULLIVAN, JJ., concur.

CHICAGO TITLE AND TRUST COMPANY, as Trustee, *et al.*, Plaintiffs-Appellants, *v.* THOMAS Z. ROBAKIS *et al.*, Defendants-Appellees.

(No. 60806;

First District (5th Division)—August 8, 1975.

PER CURIAM.

Martin, Drucker, Karcazes & Kite, Ltd., of Chicago (George D. Karcazes and Irving B. Levinson, of counsel), for appellants.

No appearance or brief for appellees.

MULLANEY, WELLS & COMPANY, Plaintiff-Appellant, *v.* BARNARD A. SAVAGE, JR., *et al.*, Defendants-Appellees.

(No. 60913;

First District (5th Division)—August 8, 1975.